UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                           **WINSTON SMITH'S**
                                                           **SEVERANCE MOTION**

        **-against-**

                                                           **08 Cr. 379 S-1 (RPP)**

**RAYMOND DACOSTA, MALIK INGRAM,
TAKILE INGRAM, JULIUS MCLEAN,
VALERIE HARRIS, RICHARDS MEADE,
ABIGAIL WALLACE, SALEEM JORDAN,
LYNVAL REECE, WINSTON SMITH and
WILLIAM D'ALLESSANDRO,**

                      **Defendants**
------------------------------------------------------------x

        **PLEASE TAKE NOTICE** that on the annexed declaration of MARTIN B. ADLMAN, dated August 21, 2008 and the accompanying Memorandum of Law submitted in support thereof, defendant WINSTON SMITH will move this Court, before Hon. ROBERT P. PATTERSON, JR., at the Southern District of New York Courthouse, 500 Pearl Street, New York, New York on September 24, 2008, at 4:00 P.M., for an Order severing Count Three from Counts One and Two; and such other and further relief as the Court may order.

Dated:  August 21, 2008

                                                           MARTIN B. ADELMAN
                                                           (Bar Code: MA 0204)
                                                           Attorney for the defendant
                                                            WINSTON SMITH
                                                           225 Broadway
                                                           New York, N.Y. 10007
                                                          Tel.    (212) 732 – 4343
                                                          Fax:    (212) 587 – 0570

To: AUSA Brent S. Wible
  AUSA Michael M. Rosensaft
  1 St. Andrews Plaza
  New York, N.Y. 10007

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------x**
**UNITED STATES OF AMERICA,**

       -against-

**RAYMOND DACOSTA ….**
**WINSTON SMITH,** *et al*

       **Defendants**
**-----------------------------------------------------------x**

MARTIN B. ADELMAN, an attorney admitted to practice before this Court, hereby declares the following, under the penalties of perjury:

## THE INDICTMENT

1. The Indictment charges three different narcotics conspiracies, with differing personnel, different drugs and varying time-frames. A chart of the participants in the three conspiracies alleged, their alleged objects and time framed of their existence might be useful:

| COUNT | TIME FRAME | OBJECT | DEFENDANTS |
|---|---|---|---|
| One | August 2007-November 2007 | cocaine base or "crack" | DACOSTA MALIK INGRAM |
| Two | January 2006-February, 2008 | marijuana | DACOSTA TAKILE INGRAM MCLEAN HARRIS MEADE |
| Three | April, 2007-April, 2008 | cocaine and marijuana | MEADE WALLACE JORDAN REECE **SMITH** D'ALESSANDRO |

2

2. Obviously there is only minor over-lap – and great disparity – between the three conspiracies charged. Defendant SMITH is only charged in the Count Three conspiracy. It is <u>not</u> alleged that SMITH conspired with DACOSTA and MALIIK INGRAM in the Count One conspiracy, dealing with cocaine base or "crack." Similarly, is <u>not</u> alleged that SMITH was involved in the Count Two conspiracy. The <u>only</u> defendant charged in Count Three who is also charged in Counts One or Two is MEADE.

3. As the authorities cited in the Memorandum of Law establish, a severance of these disparate conspiracies should be granted.

4. Lastly, we specifically adopt the arguments made by co-defendants' counsel in their pre-trial motions, except to the extent that they are inconsistent with the positions advanced herein.

Wherefore I respectfully pray that the within motion be granted and the Court sever Count Three from Counts One and Two.

Dated: August 29, 2008

_____/s/_____
Martin B. Adelman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

                                                 08 Cr. 379 S-1 (RPP)

RAYMOND DACOSTA ….
WINSTON SMITH, *et al*

                      **Defendants**
-------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT WINSTON SMITH'S SEVERANCE MOTION**


                                                Martin B. Adelman
                                               Attorney for Defendant
                                               WINSTON SMITH
                                               225 Broadway
                                               New York, New York 10007
                                               Tel. (212) 732 - 4343

**PRELMINARY STATEMENT**

The facts in support of this Memorandum of Law are fully set forth in the Declaration of counsel, Martin B. Adelman and will only be repeated herein as necessary.

## ARGUMENT

## A SEVERANCE SHOULD BE GRANTED
## PURSUANT TO F.R.Cr.P. (8b) and 14(a)

As indicated in the attorney's declaration in support of this motion, the indictment alleges three <u>different</u> conspiracies, dealing with different drugs, alleged over <u>differing</u> time frames and with only single overlapping of one defendant charged in Count 3 in one other count. Defendant SMITH is charged only in Count Three. No one in Count One is charged in Count Three and only co-defendant MEADE is common in both Counts Two and Count Three. Thus MEADE is the only person among those charged in Count Three who is also charged in another count (Count Two). In sum, other than MEADE, none of the defendants in Counts One and Two are charged in Count Three, and Meade is the only defendant in Count Three who is also charged elsewhere.

[Fed.R.Crim.P. 8(b)](Fed.R.Crim.P. 8(b)) addresses joinder of defendants:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

We recognize generally, under the Federal Rules of Criminal Procedure and Second Circuit cases, that a joint trial of defendants indicted together is the rule, and an application for severance is often resolved "the sound discretion of the Trial Court."

3

The requirement of Rule 8(b) is that co-defendants "have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Second Circuit has had that this provisions should be "read ... to mean that the acts must be 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.' " *United States v. Attanasio,* 870 F.2d 809, 815 (2d Cir.1989).

We argue that there is no "identity of facts" here – other than the three discrete charged offenses all violate Federal narcotics laws. The conspiracies are not co-terminus in time-frames and drugs allegedly distributied, and the personnel named in the three counts are disparate – eight charged only in one of the three Counts, two others charged in two of the three Counts (MEADE in Counts Two and Three, DACOSTA in Counts One and Two.)

Mere similarity of the evidence, alone, is insufficient as a proper basis for joinder under Rule 8(b). As several Courts in the Southern and Eastern Districts have held, while Rule 8 allows joinder of defendants charged in separate counts or conspiracies, more is required "than the mere existence of similarities between some of the actors or crimes." *United States v. Lech,* 161 F.R.D 255 (S.D.N.Y., 1995) citing *United States v. Carozza*, 728 F.Supp. 266, 269 (S.D.N.Y, 1990) *aff'd* 956 F.2d 1160 (2d Cir., 1992), *see also United States v. Camacho,* 939 F.Supp. 203, 209 (S.D.N.Y. 1996)(noting that "temporal and spatial relationships are not sufficient by themselves to establish the linkage necessary to justify joinder.")

4

Further, the pleading or proof of knowledge possessed by a defendant charged in one count but <u>not</u> charged in other count(s) is significant on the decision whether joinder of two or more conspiracies in a multi-defendant case is proper. *See Lech*, 161 F.R.D. at 257(Court granted severance on finding that there was no common thread between the personnel and offenses in the various conspiracies alleged and that defendant Lech had very little knowledge, if any, of the other schemes). *See, also, United States v. Menashe*, 741 F.Supp. 1135, 1138 (S.D.N.Y. 1990)(as the indictment did not allege that two of the three defendants knew of or participated in a second conspiracy alleged in the same indictment against other defendants, the court severed the second count.)

Despite that SMITH is not charged in Counts One and Two, at a joint trial which would include proof of those activities, SMITH would suffer "spillover prejudice" in that the jury will hear testimony regarding conspiracies to distribute crack (Count One) and of a long-running conspiracy to distribute marijuana (Count Two). Clearly a jury hearing such proof along with evidence of Smith's association with a person charged in Count Two may conclude that defendant SMITH is more likely guilty of Count Three.

As this Court held in *U.S. v. Williams*, 181 F.Supp.2d 267, 301-202 (S.D.N.Y., 2001) in granting a severance to defendant Rolon:

> First, we are concerned that Ms. Rolon would suffer "spillover prejudice" in a joint trial. Such prejudice occurs 'when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper.' *U.S. v. Salameh,* 152 F.3d at 115. On the other hand, a 'defendant's claim that he was prejudiced by the admission of evidence at a joint conspiracy trial is insupportable when the evidence would have been admissible against him in a separate trial alone as a member of the conspiracy.' *Id.*

5

This case is totally dissimilar from the facts presented *United States v. Garcia,* 848 F.2d 1324, 1334 (2d Cir.1988) (holding that "the relatively small number of defendants, the straight-forward nature of the proof, the similarity of the charged offenses, and the short trial all support the trial court's determination that the jury was able fairly to weigh the evidence against each defendant"), *rev'd, on other grounds,* 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). In fact, as pleaded now, the opposite of these observations applies.

Clearly, the joinder of all three conspiracies with so many disparities in the pending indictment is improper and prejudicial to defendant SMITH, and our request that Counts One and Two be severed from Count Three should be granted.

## CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that the Court should direct that Count Three be severed from Counts One and Two.

Respectfully submitted,

_____S/_____
*MARTIN B. ADELMAN*
Attorney for Defendant
WINSTON SMITH

Dated:   New York, New York
         August 21, 2008

7