UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

                                                08 CR 379 (RPP)

                    - against -                 **OPINION AND ORDER**

WINSTON SMITH,

                                Defendant.
-----------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

**I. Facts and Proceedings**

On April 21, 2008, a criminal complaint was filed, charging the Defendant with a violation of 21 U.S.C. 846 and an arrest warrant was issued. On April 24, 2008, the Defendant voluntarily surrendered and appeared before Magistrate Judge Eaton, who allowed the Defendant to be released, pursuant to certain conditions, including the filing of a personal recognizance bond, co-signed by six financially responsible persons. Transcript of Apr. 24, 2008 hearing ("Apr. 24 Tr.") at 13-15. The sureties for the bond are Andrene Letecia Smith, Donald Smith, Kereen Felecia Stacey Ann Evans, Junior Smith, and Elaine Smith. They are all relatives of the Defendant. Additionally, the Defendant deposited $10,000 in cash and the deed to the property at 738 E. 219th Street, Bronx, NY with the Registry of the Court, as security for the bond. At the bail hearing, counsel for the Defendant represented that Kereen Evans was an unemployed law student and "I wouldn't ask her to sign any papers." *Id*. at 12. Magistrate Eaton responded, "I think she might be a good cosigner for what we call moral suasion." *Id*.

Thereafter, the Defendant appeared in Court on May 6, 2008; June 17, 2008; September 24, 2008; October 7, 2008; November 7, 2008; and November 19, 2008.  At each appearance, the Defendant's bail was continued and he was allowed to remain at liberty.

The Defendant failed to appear in Court at a conference scheduled for December 9, 2008 at 2 p.m.  The Defendant and his counsel were both aware of the scheduled conference.  Transcript of Dec. 11, 2008 hearing ("Dec. 11 Tr."), at 4.  On December 10, 2008, the Government wrote to the Court requesting that the Court issue a bench warrant for the Defendant.  The Court signed the warrant.  At a conference held on December 11, 2008, counsel for the Defendant represented that he had been unable to contact the Defendant subsequent to his failure to appear in Court on December 9, 2008.  *Id*. at 2.

On March 30, 2009, the Government moved for an order and judgment of forfeiture of bail.  It provided notice to the above-named sureties.  In a declaration in support of this motion, Assistant United States Attorney Michael Rosensaft stated that "[s]ince December 9, 2008, Deputy United States Marshals have been attempting to locate the defendant.  Based on a review of travel records, the defendant is believed to have left the United States and to be in Jamaica."  Rosensaft Decl. at ¶ 9.  The sureties requested adjournments to allow them to "continue to investigate the whereabouts of the defendant."  Letter from Michael Rosensaft to the Court (Jul. 1, 2009).  The Court granted these requests for adjournment.

On December 14, 2009, the sureties appeared in court, represented by counsel.  Counsel for the sureties conceded that the conditions of bail had been breached and therefore that forfeiture was mandatory.  Transcript of Dec. 14, 2009 hearing ("Dec. 14

Tr.") at 9.  Counsel for the sureties did not, however, make any application or submitted any papers requesting that the forfeiture be set aside.  *Id*. at 10.  The Court signed an order and judgment of forfeiture of bail.  The order stated that the Defendant and the sureties, Andrene Smith, Donald Smith, Kereen Evans, Junior Smith and Elaine Smith, were jointly and severally liable to the United States for the sum of $300,000.

On April 6, 2010, the sureties moved, *pro se*, for an order setting aside the forfeiture.  A declaration attached to the motion set out the following facts about the individual sureties' actions in connection with their signing as sureties: (1) surety Kereen Evans told Magistrate Judge Eaton that she was an unemployed law student and would be unable to secure a bond, Andrene Smith Decl. ¶ 4; (2) surety Kereen Evans was told by Magistrate Judge Eaton that "she would serve only as moral suasion to secure the defendant's appearance rather than as a financial surety," *id*.; (3) surety Donald Smith is the Defendant's father, *id*. ¶ 5; (4) surety Donald Smith suffers from Alzheimer's Disease, *id*.; (5) surety Donald Smith is retired and his only income is from Social Security and Supplemental Security Income, *id*.; (6) surety Donald Smith has no savings and he resides in a low income housing complex for senior citizens in Bronx, New York, *id*.; (7) surety Elaine Smith is a nursing aide employed by Westchester County who earns an annual income of $41,000, *id*. ¶ 6; and (8) surety Junior Smith is a bus driver employed by the Metropolitan Transit Authority in the Bronx, NY who earns an annual income of $60,000, *id*.

The declaration also describes the efforts taken by the sureties, once the Defendant had failed to appear at the December 9, 2008 court date, to locate the Defendant.  The sureties "contacted various family members and friends to obtain

information regarding the defendant's location and even searched the defendant's apartment." *Id*. ¶ 11.  Once the U.S. Marshals informed the sureties that the Defendant was believed to have fled to Jamaica, they "began an extensive search for the defendant in Jamaica by interviewing family members residing in Jamaica and consulting with a Jamaica Defense Force officer responsible for locating and arresting fugitives at the behest of foreign governments seeking extradition of the fugitives." *Id*. ¶ 12.  The sureties were concerned that the Government might have inadvertently returned the Defendant's passport to him. *Id*. ¶ 13.  When they inquired of the government as to the location of the Defendant's passport, the Government did not respond except to state "that the defendant had traveled to Jamaica and a passport was not required for travel to Jamaica." *Id*.  The sureties succeeded in locating the Defendant in the town of St. Catherine, Jamaica. *Id*. ¶ 15.  They provided this information to the Government and requested that the Government seek the Defendant's extradition from Jamaica.  The government refused to commence extradition proceedings and has made no other attempt to secure the return of the Defendant to his country. *Id*.

The Government has not responded to the sureties' motion.  Pursuant to Local Criminal Rule 12.1(b), the Government's response was due on April 20, 2010.

## II. Discussion

Federal Rule of Criminal Procedure 46(f)(2) grants the Court discretion to set aside a bail forfeiture "in whole or in part" upon a showing "that justice does not require bail forfeiture."  The Second Circuit has said that assessing whether "justice does not require bail forfeiture" involves the weighing of several factors: (1) "whether the defendant's breach of the bail condition was willful"; (2) "the cost, inconvenience and

4

prejudice suffered by the government as a result of the breach"; (3) "whether the surety
has assisted in the apprehension of the defendant"; (4) "whether the surety is a
professional or a friend or member of the defendant's family"; and (5) any other
mitigating factors. *United States v. Gambino*, 17 F.3d 57, 575 (2d Cir. 1994) (quoting
*United States v. Carvajal*, 674 F. Supp. 973, 974 (E.D.N.Y. 1987) (internal quotation
marks omitted)).[1]

      Taking each factor in turn, the Court concludes as follows.

      First, the sureties have not argued, nor could they, that the Defendant's breach
was not willful.

      Second, the Government has not made any showing to rebut the sureties' claim
that it has suffered little, if any, "cost, inconvenience, and prejudice" as a result of the
Defendant's flight to Jamaica.

      Third, the sureties have given extensive assistance to the Government, and have,
as a result of their sustained efforts, succeeded in locating the Defendant. *Id*. However,
because the Defendant is located in another country, they need the assistance of the U.S.
government by way of extradition proceedings, which it has thus far been unwilling to
initiate, to secure his return to the United States.

      Fourth, the sureties are not professional bail bond agents. Instead, they are family
members who have nothing to gain in these proceedings.

      Finally, the sureties have pointed to numerous additional mitigating factors.
Surety Kereen Evans was assured by Magistrate Judge Eaton that she was being included

---

[1] The Court notes that this case interpreted the remission of a bail forfeiture judgment under then Fed. R.
Crim. P. 46(e). The Court notes that the standards under the remission provision and the setting aside
provision of Rule 46 are identical, namely the inquiry is whether "justice does not require bail forfeiture."

only "as moral suasion" when in fact she is now being held jointly and severally liable for $300,000.  Apr. 24 Tr. at 12.  Surety Donald Smith has Alzheimer's Disease, lives in a low-income housing complex (his only income comes in the form of public assistance), and has no assets.  Andrene Smith Decl. ¶ 5.  Surety Elaine Smith earns an annual income of $41,000, while surety Junior Smith earns an annual income of $60,000.  *Id*. ¶ 6.  They, too, are now jointly and severally liable for an amount that is roughly seven and five times, respectively, the multiple of their annual incomes.

The sureties have not moved for the entire forfeiture to be set aside.  Instead, they argue that "the court should set aside the forfeiture of the bond in part by $150,000." Memorandum in Support of Motion to Set Aside Forfeiture at 2.  They also request that "the Court's Order against sureties Donald Smith and Kereen Evans . . . be reversed."  *Id*. at 4.

Having weighed each of the above factors, the Court now concludes that justice would be served by partially setting aside the forfeiture of the bond by $150,000 and by removing Donald Smith and Kereen Evans from the bond.  The only factor that weighs against this partial set-aside is the fact that the Defendant's breach of his bond was willful.  The sureties' extensive and ongoing efforts to locate the Defendant and attempt to persuade him to return him of his own volition, combined with the Government's apparent lack of interest in securing the Defendant's return to this country, combined with the mitigating factors discussed above, significantly outweigh this lone factor.

**III. Conclusion**

For the reasons discussed above, the personal recognizance bond securing the release of the Defendant, Winston Smith, which was co-signed by the above-named

sureties and secured by a deed to real property and $10,000 cash and which was ordered

forfeited on December 14, 2009, is reduced by $150,000, and, on the basis of the facts set

forth in the moving affidavit, sureties Donald Smith and Kereen Evans are released as

sureties.


IT IS SO ORDERED.

Dated:  New York, New York
　　　　May 18, 2010

　　　　　　　　　　　　　　　　Robert P. Patterson, Jr.

　　　　　　　　　　　　　　　　U.S.D.J.



Copies of this order were faxed or mailed to:

**Counsel for Defendant:**
Avraham Chaim Moskowitz
Moskowitz, Book & Walsh LLP
345 Seventh Ave
21st Floor
New York , NY 10001
Fax: (212) 398 8835

**Counsel for Government:**
Brent Scott Wible, Michael Max Rosensaft
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York , NY 10007
Fax: (212)-637-2527

**The Sureties:**
Andrene Smith
5405 Tuckerman Lane, Apartment 453

7

Bethesda, MD 20852

Kereen Evans
738 E. 219th Street
Bronx, NY 10467

Junior Smith
1461 East 233rd Street
Bronx, NY 10466

Donald Smith
900 Grand Concourse, Apartment MJN
Bronx, NY 10451

Elaine Smith
222 Bedford Park Boulevard, Apartment 1A
Bronx, NY 10458